UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY TUCKER on behalf of himself and
all others similarly situated,

Plaintiff,

-against-

RUDY'S MUSIC STOP, INC.,

Defendant.

**ORDER OF DISMISSAL**

18 Civ. 5128 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Henry Tucker commenced this action against Defendant Rudy's Music

Stop, Inc. on June 8, 2018. (Dkt. No. 1)  Plaintiff failed to timely serve Defendant by September

6, 2018; on September 13, 2018 Plaintiff requested a 21-day extension of time to effect service.

(Dkt. No. 6)  The Court granted this request (Dkt. No. 7); Plaintiff again failed to timely serve

Defendant by the new deadline of October 2, 2018.  Defendant was subsequently served on

October 16, 2018 (Dkt. No. 10), but it has not filed an Answer or Notice of Appearance in this

case.  On December 6, 2018, Plaintiff filed a letter requesting 21 days to move for default against

Defendant (Dkt. No. 11); on December 11, 2018, the Court granted this request (Dkt. No. 12).

Plaintiff did not move for default by the December 27, 2018 deadline, nor did he

otherwise act in this matter for the next five months.  On April 30, 2019, this Court issued an

Order directing Plaintiff to move for default judgment by May 10, 2019, warning him that failure

to do so would result in his case being dismissed for failure to prosecute under Fed. R. Civ. P.

41(b).  (Dkt. No. 13)  On May 8, 2019, Plaintiff filed for a Clerk's Certificate of Default, and

requested a 21-day extension of time to move for default judgment.  (Dkt. No. 16)  On May 13,

2019, the Court granted Plaintiff's request (Dkt. No. 17); on May 30, 2019, the Clerk of Court

issued its Certificate of Default (Dkt. No. 18).  Plaintiff has not filed for default judgment, nor

has he requested another extension of time to do so.

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the

plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R.

Civ. P. 41(b).  "Although Rule 41(b) expressly addresses a situation in which a defendant moves

to dismiss for failure to prosecute, it has long been recognized that a district court has the

inherent authority to dismiss for failure to prosecute <u>sua sponte</u>." <u>Williams v. Wellness Med.</u>

<u>Care, P.C.</u>, No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing

<u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) (citing <u>Link v. Wabash</u>

<u>R.R. Co.</u>, 370 U.S. 626, 630 (1962))).  "A district court considering a Rule 41(b) dismissal must

weigh five factors:

> '(1) the duration of the plaintiff's failure to comply with the court order, (2)
> whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by further delay in the
> proceedings, (4) a balancing of the court's interest in managing its docket with the
> plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge
> has adequately considered a sanction less drastic than dismissal.'

<u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014) (quoting <u>Lucas v. Miles</u>, 84 F.3d 532,

535 (2d Cir. 1996)).  "No single factor is generally dispositive." <u>Id.</u> (citing <u>Nita v. Connecticut</u>

<u>Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994)).

Here, all of these factors weigh in favor of dismissal.  "The first factor to be

examined breaks down into two parts:  (1) whether the failures to prosecute were those of the

plaintiff, and (2) whether these failures were of significant duration." <u>U.S. ex rel. Drake v.</u>

<u>Norden Sys., Inc.</u>, 375 F.3d 248, 255 (2d Cir. 2004) (citing <u>Martens v. Thomann</u>, 273 F.3d 159,

180 (2d Cir. 2001)).  Here, Plaintiff has failed to comply with multiple court orders, missing

multiple deadlines to effect service and move for default judgment.  In one instance, Plaintiff

missed a deadline to move for default judgment by five months.  See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citing Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases)); Peters-Turnbull v. Bd. of Educ. of City of New York, No. 96 Civ. 4914, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (concluding delay of between five and ten months "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)).

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'"  U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180).  Here, this Court's April 30, 2019 Order expressly warned Plaintiff that his case would be dismissed for failure to prosecute if he did not file for default judgment by May 10, 2019.  (Dkt. No. 13)

The third factor – whether Defendant is "likely to be prejudiced by further delay" – also weighs in favor of dismissal.  "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law[.]" (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982))).

"The fourth factor we consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard."  U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182).  Plaintiff has made little effort to prosecute this action,

missing multiple deadlines and disregarding this Court's orders.  This factor also weighs in favor of dismissal.

Finally, the Court finds that lesser sanctions would be ineffective.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## **CONCLUSION**

For the reasons stated above, this action is dismissed for failure to prosecute.  The Clerk of the Court is directed to close this case.

Dated: New York, New York
     June 2 1, 2019           SO ORDERED.

                                Paul G. Gardephe
                                United States District Judge